**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JIMMY VARGAS, | : | |
| | : | Civil Action No. 15-2622(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN POWELL, ADMINISTRATOR, | : | |
| BAYSIDE STATE PRISON, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Jimmy Vargas ("Petitioner"), an inmate confined in Bayside State Prison. (Pet., ECF No. 1.) On August 6, 2002, judgment was entered against Petitioner after a jury in the Superior Court of New Jersey, Law Division, Camden County found him guilty of (1) theft of a firearm; (2) two counts of possession of a weapon with unlawful purpose; (3) two counts of unlawful possession of a weapon; (4) harassment; (5) burglary; (6) two counts of aggravated assault; and (7) two counts of criminal restraint. (Pet., ¶5.) Petitioner was sentenced to an aggregate sentence of 36 years imprisonment with a parole bar of 24 years, nine

1

months, and 23 days. (Pet., ¶3.) Petitioner appealed his conviction and sentence, and the Appellate Division, on May 31, 2005, affirmed the Judgment but remanded for resentencing. (Id., ¶9); (Order ("Vargas I") (ECF No. 8-8.) The New Jersey Supreme Court granted certification and remanded to the trial court for resentencing in light of State v. Thomas, 188 N.J. 137 (2006). (Id., ¶9(g)); State v. Vargas, 188 N.J. 349 (N.J. 2006). Petitioner was resentenced to an eighteen-year term of imprisonment, with a parole bar of nine years. (Pet., ¶9(g)(6)).

Petitioner filed a petition for post-conviction relief in July 2007, which was denied without prejudice. (Pet., ¶11(a)(7); (Order Dismissing App. for Post Conviction Relief Without Prejudice, ECF No. 8-22.) Petitioner filed a subsequent petition for post-conviction relief on November 14, 2011, and it was denied on August 27, 2012. (Pet., ¶11(b)); (Order on Post-Conviction Applications on Indictable Offenses, ECF No. 8-26.) The Appellate Division affirmed, (Sua Sponte Order, February 25, 2014, ("Vargas II"), ECF No. 8-30), and the Supreme Court denied certification, (N.J. Supreme Court Order, February 3, 2015, ECF No. 8-33.) Petitioner filed his habeas petition in this Court on April 9, 2015. He raised the following grounds for relief:

> GROUND ONE: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED A READBACK OF TESTIMONY TO THE JURY

2

> GROUND TWO: THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE INTRODUCTION OF THE DEFENDANT'S REMOTE CONVICTIONS
>
> GROUND THREE: THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERROR VIOLATED THE COMMON LAW OF NEW JERSEY AND THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION
>
> GROUND FOUR: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL

Respondent filed an Answer on September 16, 2015. (ECF No. 8.) This matter is now before the Court for resolution of the habeas petition.

I. BACKGROUND

The factual background in this matter was summarized by the New Jersey Superior Court Appellate Division on Petitioner's direct appeal. (Vargas I, ECF No. 8-8.) The facts found by the Appellate Division are presumed correct pursuant to 28 U.S.C. § 2254(e)(1). The crimes were committed on October 6, 2000, in Camden, New Jersey. Petitioner attacked Mariano Caba, in Caba's store, with a knife. Petitioner cut Caba's hand and stole his gun. Caba got away and notified a nearby police officer.

When Caba and the police officer returned to Caba's store, Petitioner exited with the gun in his hand, refusing to drop the gun and telling the officer he would have to kill Petitioner.

3

Petitioner ran out the back of the store, pointed the gun at the officer, a jumped a fence. Petitioner ran a few blocks, and forced his way into the home of DaVada McGahee.

Petitioner ran through McGahee's home and out the front door toward Caba's store. He went back into the store and seized a third victim, Dionisio Marte. Petitioner took Marte as a hostage, holding a gun to his head and ordering him outside. Police were at the scene, and ordered Petitioner to drop the gun and surrender. They fired two shots at Petitioner, who fell and dropped the gun. He was taken into custody. On appeal, Petitioner raised only one claim of trial error, the trial judge abused his discretion by declining the jury's request for a read-back of Petitioner's and Caba's testimony.

The request for a read-back occurred early in deliberations, and both sides agreed with the judge that it was too early for a read-back. The judge instructed the jury to move on and they could raise the question of a read-back again at some later point. The jury never again asked for read-back, although it asked for other information. The Appellate Division found no abuse of discretion.

Petitioner also challenged his sentence based on mistaken aggravating and mitigating factors. The Appellate Division held that the findings on aggravating and mitigating factors were based on competent and credible evidence in the record; and the

4

judge's conclusion was reasonable based on weighing the relevant factors.

The Appellate Division rejected Petitioner's consecutive sentencing claim for substantially the same reasons expressed in the written sentencing decision on November 22, 2002. The Appellate Division also found that the jury made the requisite findings to support the pre-amendment NERA sentence on Count Fourteen, but remanded for an error conceded by the State.

Petitioner also challenged his sentence under the holdings of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). The Appellate Division disagreed because there is an exception to the Blakely/Booker doctrine that applies when a sentence above the presumptive term is based on the defendant's prior record. Finally, the Appellate Division summarily dismissed the claims raised in Petitioner's pro se brief because they were without merit and did not warrant a written discussion.

II. DISCUSSION

    A. Standard of Review

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Contrary to clearly established Federal law" means the state court applied a rule that contradicted the governing law set forth in U.S. Supreme Court precedent or that the state court confronted a set of facts that were materially indistinguishable from U.S. Supreme Court precedent and arrived at a different result than the Supreme Court. Eley v. Erickson, 712 F.3d 837, 846 (3d Cir. 2013) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). The phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta" of the U.S. Supreme Court's decisions. Williams, 529 U.S. at 412. An "unreasonable application" of clearly established federal law is an "objectively unreasonable" application of law, not merely an erroneous application. Eley, 712 F.3d at 846 (quoting Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)).

    B.   Analysis

        1.   GROUNDS ONE, TWO AND THREE

Respondent contends Petitioner failed, in Grounds One, Two and Three, to allege that his conviction or sentence violated federal law, therefore habeas relief is not available. (Answer to Pet. for Writ of Habeas Corpus with Affirmative Defenses ("Answer"), ECF No. 8 at 34.) Even when liberally construed, Respondent asserts Grounds One, Two and Three "are completely devoid of any reference to a federal case, statute, rule and/or code." (Id. at 36.) Matters of sentencing are generally matters of state law that do not justify federal habeas relief. (Id. at 37.)

Respondent acknowledges that Petitioner mentioned the Due Process Clause of the United States Constitution in Ground Three of the petition. (Id. at 38.) Respondent, however, argues that there is no United States Supreme Court precedent on the cumulative error doctrine. (Id.) In any event, Petitioner did not show how his trial was fatally infected by error. (Id.)

It is true that federal habeas relief is not available to correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The habeas petition and the state court record confirm that Petitioner's claims in Grounds One and Two are based on alleged state law errors. (Letter-Brief and Appendix on Behalf of Defendant-Appellant, ECF No. 8-6 at 15-18); (Vargas I,

7

ECF No. 8-8 at 4.) See Baldwin v. Reese, 541 U.S. 27 (2004) (a petitioner must fairly present the federal nature of his claim in state court.) Petitioner is not entitled to habeas review of Grounds One and Two, and they will be dismissed.

In Ground Three, Petitioner alleged the cumulative errors at his trial violated the Due Process Clause of the Constitution. The cumulative error doctrine is a standalone constitutional claim that the cumulative effect of the errors at trial "so undermined the verdict as to constitute a denial of his constitutional right to due process." Collins v. Secretary of Pennsylvania Dept. of Corr., 742 F.3d 528, 542 (2014) (citing Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007) (holding that petitioner could not show that the cumulative prejudice of trial errors "undermined the reliability of the verdict"). A cumulative error claim must be exhausted in state court, and the petitioner must show actual prejudice to be entitled to relief. Id. (citing Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008).

Petitioner first raised his cumulative error claim in his pro se brief on direct appeal. (Pet., ¶9(f), Point V.) The Appellate Court denied the claim because it lacked sufficient merit for a written discussion. (Vargas I, ECF No. 8-8 at 9.) The New Jersey Supreme Court affirmed.

"Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by

8

showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 562 U.S. 86, 98 (2011). Petitioner alleged only two trial court errors: (1) failure of the trial judge to grant the jury's request for a readback; and (2) abuse of discretion in permitting introduction of Defendant's remote convictions. (Pet., ¶9(f)).

Petitioner has not explained how he believes these cumulative alleged errors prejudiced the jury's verdict. There is no basis in the record for this Court to conclude the failure to read back testimony to the jury, fifteen minutes after deliberations began, prejudiced Petitioner. (Trial Transcript, ECF No. 8-38 at 156-71; ECF No. 8-39 at 3-39.) The jury was invited to ask for a read-back after further deliberation but failed to do so. (Id.) Having found no prejudice from this alleged error, there can be no cumulative error because Petitioner has only one remaining claim of trial court error in obtaining his conviction. Therefore, the Court will deny Ground Three of the habeas petition.

    2.   GROUND FOUR

Petitioner phrased Ground Four as a challenge to the PCR Court's decision not to hold an evidentiary hearing on his ineffective assistance of counsel claim. This Court cannot review a state PCR Court's determination under state law of whether to conduct an evidentiary hearing. See Estelle v.

9

McGuire, 502 U.S. 62, 67 (1991) (habeas relief is not available for errors of state law); see State v. Jones, 219 N.J. 298, 310-11 (N.J. 2014) (discussing New Jersey Rule 3:22-10, which affords state PCR courts discretion to grant an evidentiary hearing). The Court will, however, liberally construe Ground Four as raising the underlying ineffective assistance of counsel claim.

In an Order dated February 26, 2014, the Appellate Division affirmed the PCR Court's denial of Petitioner's ineffective assistance of counsel claim. (Vargas II, Sua Sponte Order, ECF No. 8-30.) Petitioner alleged that his trial counsel failed to fully impeach State Witness DaVada McGahee with a written police investigation report that contradicted her trial testimony that she saw Petitioner armed with a gun inside her home. (Id. at 1.) Petitioner conceded that his counsel impeached McGahee on this point with her statement to police, but failed to do so with the police investigation report. (Id.)

The PCR Court found that defense counsel's decision not to impeach McGahee's credibility in a redundant manner was a strategic decision entitled to deference. (Id. at 1-2.) The record showed counsel impeached McGahee's testimony by showing that her statement to police did not mention Petitioner having a gun in her home. (Id. at 2.) The Appellate Division held that counsel's avoidance of using "surplus and repetitive material"

10

was a reasonable approach. (Id. at 3.) The Appellate Division was also "thoroughly convinced" that if trial counsel had "embarked upon that redundant cross-examination" it would not have altered the jury's verdict. (Id.)

An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

Furthermore, the first prong of the test "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v.

11

Louisiana, 350 U.S. 91, 101 (1955)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (citing Bell v. Cone, 535 U.S. 685, 702 (2002); Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Strickland, 466 U.S. at 689; United States v. Cronic, 466 U.S. 648, 656 (1984)).

The second prong of the Strickland test, prejudice, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Collins v. Sec. of Pennsylvania Dept. of Corr., 742 F.3d 528, 547 (3d Cir. 2014) (quoting Strickland, 466 U.S. at 694).

The "ultimate focus" of the prejudice inquiry is on the fundamental fairness of the proceeding. Id. at 696. "Prejudice is viewed in light of the totality of the evidence at trial and the testimony at the collateral review hearing." Collins, 742 F.3d at 547 (citing Rolan v. Vaugh, 445 F.3d 671, 682 (3d. Cir. 2006)). A court need not address both components of the ineffective assistance inquiry. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

12

Upon habeas review, deference is given to the last reasoned State Court judgment on Petitioner's claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

This Court has reviewed defense counsel's cross-examination of McGahee. Counsel challenged McGahee's testimony that Petitioner had a gun in her home by questioning why her statement to police did not contain any reference to Petitioner having a gun. (Trial Transcript, ECF No. 8-34 at 121-131.) On re-direct, McGahee was adamant that she told police, when she gave her statement, that Petitioner had a gun on his hip when he was in her house, but he did not point it at her. (Id. at 128.) McGahee was at times emotional and seemed fearful of being in the courtroom with the defendant. (Id. at 121-131.) Keeping her on the stand for redundant cross-examination could have backfired.

"When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. 105. Here, there is a reasonable argument that counsel satisfied Strickland's deferential standard by exercising sound trial strategy and choosing not to conduct redundant cross-examination.

In any event, the trial transcript reveals testimony that Petitioner had a gun when he left Caba's store, and he had a gun

13

when he returned to Caba's store minutes later after passing through McGahee's home. (Id. at 136-147.) Officer Ruiz testified that he saw Petitioner exit the house with a gun in his hand. (Id. at 146-47.) In fact, on cross-examination Petitioner testified that he had a gun in his pocket when he entered McGahee's house and when he exited. (Trial Transcript, ECF No. 8-27 at 78.) Petitioner cannot show prejudice for counsel's failure to offer redundant cross-examination suggesting McGahee never told police she saw Petitioner with a gun in her home. For these reasons, the Court will deny Ground Four of the Petition.

III. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. See Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Petitioner has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certification of appealability.

IV. CONCLUSION

For the reasons discussed above, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of

14

counsel. Therefore, in the accompanying Order filed herewith, the habeas petition will be denied.

                                                    s/RENÉE MARIE BUMB_____
                                                    **RENÉE MARIE BUMB**
                                                    **United States District Judge**

Dated: June 8, 2016